UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KOFI M. AJABU, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-01218-WTL-DML ) |
| HAMILTON COUNTY PROSECUTOR'S OFFICE, *et al.* | ) ) ) ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I. Background**

The plaintiff, Kofi M. Ajabu ("Mr. Ajabu"), is a prisoner currently incarcerated at Wabash Valley Correctional Industrial Facility ("Wabash"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Screening

The complaint is brought under the Rackateer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), and 42 U.S.C. § 1983. Mr. Ajabu names the following defendants: 1) Hamilton County Prosecutor's Office; 2) Wayne Sturtevant, former Hamilton County Prosecutor; 3) Ken Roberts; 4) Estate of Kevin Scionti; 5) Sonia Leerkamp, former Hamilton County Prosecutor; 6) Bruce Lemmons, Commissioner of the Indiana Department of Correction; and 7) Eric K. Koselke, appeals attorney. Mr. Ajabu seeks compensatory and punitive damages.

*Allegations*

Mr. Ajabu alleges that in October 1995, he was sentenced to life without parole on three counts of murder and one count of burglary. He alleges that his defense attorney Mr. Roberts and the Hamilton County Prosecutors colluded to fraudulently deprive him of his constitutional right to effective counsel and of his right to put forth a defense. His appellate attorneys also allegedly worked in concert with the Hamilton County Prosecutor's Office and his trial attorneys to conceal fraudulent acts.

Jumping ahead a decade in an unrelated claim, Mr. Ajabu alleges that while in prison in 2006, he was charged with battery resulting in serious bodily injury. His defense attorney, Chadwick Hill, visited the prison and determined that the layout of the prison would not have allowed Mr. Ajabu to commit the battery. The Madison County Prosecutor ultimately decided that there was insufficient evidence to proceed to trial and dismissed the charges. Nonetheless, the Indiana Department of Correction kept Mr. Ajabu in solitary confinement for over a year based on the same facts from which the prosecutor found exonerating evidence and decided not to prosecute.

*RICO Claims*

Mr. Ajabu brings claims under RICO. RICO's private civil remedy provision states:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor ... and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee....

18 U.S.C. § 1964(c).

To state a claim under RICO, a plaintiff must allege that he suffered an injury to his business or property as a result of the underlying acts of racketeering. *Empress Casino Joliet Corp. v. Johnston*, 763 F.3d 723, 728 (7th Cir. 2014); 18 U.S.C. § 1964(c). "Under RICO, the plaintiff can only recover to the extent that [ ] he has been injured in his business or property by the conduct constituting the violation." *Id.* (internal quotation omitted). Personal injuries and pecuniary losses flowing from those injuries are not sufficient to support a civil RICO claim. *Cannon v. Burge,* 752 F.3d 1079, 1088 n. 6 (7th Cir. 2014) (lost employment opportunities during time imprisoned are personal and not sufficient to satisfy the injury to "business or property" requirement). Here, Mr. Ajabu alleges no injury to his business or property. Rather, he alleges that he lost his liberty and suffered mental anguish. His claims that his former attorneys and the county prosecutors violated RICO are **dismissed for failure to state a claim upon which relief can be granted.**

In addition, the statute of limitations for a civil RICO claim is four years. *Jay E. Hayden Foundation v. First Neighbor Bank, N.A.,* 610 F.3d 382, 383, 387 (7th Cir. 2010). This action was filed on April 18, 2017. Mr. Ajabu attempts to avoid the timeliness issue by alleging that because the defendants concealed the scheme, he did not learn of it until May 21, 2015. The

Court need not discuss the doctrine of equitable estoppel, however, because the RICO claims fail to state a claim upon which relief can be granted even if they were timely filed.

*Section 1983 Claims*

Any due process claims brought against former prosecuting attorneys Sturtevant and Leerkamp are also barred because these individuals have absolute immunity from suit. The United States Supreme Court, in *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427; *see also Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties."). The section 1983 due process claims asserted against Sturtevant and Leerkamp are **dismissed for failure to state a claim upon which relief can be granted** on this basis.

Mr. Ajabu also brings an Eighth Amendment claim under section 1983 against Bruce Lemmons, Commissioner of the Indiana Department of Correction. The Court need not discuss the fact that this claim is misjoined and does not belong in the same suit as the first claim, because it fails on the merits. Mr. Ajabu alleges that because the State dropped charges of battery against him in 2006, the Department of Correction imposed cruel and unusual punishment when it kept him in solitary confinement for over a year based on the same facts. The statute of limitations for a section 1983 claim is two years. *Serino v. Hensley,* 735 F.3d 588, 590 (7th Cir. 2013). It appears from the face of the complaint that this claim was filed nine years too late. Even though the statute of limitations is an affirmative defense, the Court may dismiss a claim if the defense "is so plain from the face of the complaint that the suit can be regarded as frivolous."

*Best v. City of Portland,* 554 F.3d 698, 700 (7th Cir. 2009). This claim is so late that it is frivolous.

In addition, Mr. Ajabu has not named a proper defendant for this claim even if it were timely filed. Under section 1983, to be liable, a defendant must participate in or otherwise direct or condone an unconstitutional act. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012) (section 1983 liability requires a defendant's personal involvement in the alleged constitutional violation). Supervisors are not automatically liable for acts of their subordinates. It is highly unlikely that the Commissioner himself would have made any decision to place or keep a particular inmate in segregation for a disciplinary proceeding.

Accordingly, for these reasons, the Eighth Amendment claim asserted against Commissioner Lemmons is **dismissed for failure to state claim upon which relief can be granted.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915A**.

### III. Further Proceedings

The plaintiff shall have **through June 16, 2017,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

Date: 5/19/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KOFI M. AJABU
955750
WABASH VALLEY CORRECTIONAL FACILITY
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838